FILED
5/17/13
Date / Time
CLERK, U. S. DISTRICT COURT
FT. MYERS, FLORIDA
Initials

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

ROBERT JALOSINSKI,

    Plaintiff,

vs.                                                                     Case No. 13-CA-001094

DOREL JUVENILE GROUP, INC. d/b/a
COSCO HOME AND OFFICE PRODUCTS, and
COSTCO WHOLESALE CORPORATION,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ROBERT JALOSINSKI, as and for his Complaint against the Defendant, DOREL JUVENILE GROUP, INC. d/b/a COSCO HOME AND OFFICE PRODUCTS, and Defendant, COSTCO WHOLESALE CORPORATION, alleges:

### INTRODUCTION

1.     This action seeks damages and injunctive relief to redress Defendants' manufacture and sale of a defective convertible hand truck (hereafter the product).

### THE PARTIES

2.     Plaintiff, ROBERT JALOSINSKI, is a resident of Lee County, Florida, and is over the age of 18 years.

- 1 -


EXHIBIT A

3. Defendant, DOREL JUVENILE GROUP, INC. d/b/a COSCO HOME AND OFFICE PRODUCTS (hereafter DOREL), is a Canadian business entity conducting business in this county, throughout the state of Florida and the United States.

4. Defendant, COSTCO WHOLESALE CORPORATION (hereafter COSTCO), is a foreign profit corporation conducting business in this county, throughout the state of Florida and the United States.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action because this complaint seeks damages in excess of $15,000.00 dollars, exclusive of interest and attorneys' fees.

6. Venue is proper in this county because: (i) the conduct from which this cause of action arises occurred in this county; (ii) Defendants transact business here; (iii) Plaintiff sustained damage here.

## SUBSTANTIVE ALLEGATIONS

7. This action arises from Defendants' course of conduct in designing, manufacturing, distributing, and selling the defective product which caused injury and damages to Plaintiff.

8. Plaintiff purchased the product, which is sold by Defendant COSTCO under the trade name "3-IN-1 CONVERTIBLE HAND TRUCK".

9. The product is purportedly manufactured for Defendant COSTCO by a company called DOREL, which is located in Canada.

10. The product contains a defect that was present in the product at the time of manufacture.

11. Plaintiff purchased the product on April 9, 2009.

12. On April 25, 2009, while and after using the product, it failed and the load crushed Plaintiff's left foot. Plaintiff suffered pain and discomfort, loss of use of his foot, mental pain and suffering, impaired capacity to work, and incurred medical expenses and suffered such other damages as naturally flow from the injury and are compensable at law. Such damages are permanent.

## COUNT I
## (STRICT LIABILITY-DOREL)

13. Plaintiff repeats the allegations set forth above in paragraphs 1 through 12 as if set forth herein in full.

14. Defendant DOREL, at all times material to this action, designed, manufactured, distributed and/or sold the product to Defendant COSTCO, and placed such product into the market.

15. Defendant COSTCO, at all times material to this action distributed and/or sold the product to Plaintiff, and placed such product into the market.

16. The defective product designed, manufactured, distributed, and/or sold by Defendants is defective and unreasonably dangerous.

17. The defective product reached Plaintiff without substantial change in the condition in which the product was designed, manufactured, distributed, and/or sold by Defendants.

18. Defendants owed a duty of care to Plaintiff to manufacture, distribute and sell products that were free from defects and fit for their intended purposes.

19. Defendants breached this duty to Plaintiff by failing to sell products that were free from defects and selling products that were unfit for their intended purposes.

20. Plaintiff used the product in the manner that was intended and expected by Defendant.

21. The defect in the product was the direct and proximate cause of the injury and damages suffered by Plaintiff.

WHEREFORE, Plaintiff demands compensatory damages for strict liability from Defendant DOREL.

## COUNT II
### (STRICT LIABILITY-COSTCO)

22. Plaintiff repeats the allegations set forth above in paragraphs 1 through 12 as if set forth herein in full.

23. Defendant DOREL, at all times material to this action, designed, manufactured, distributed and/or sold the product to Defendant COSTCO, and placed such product into the market.

24. Defendant COSTCO, at all times material to this action distributed and/or sold the product to Plaintiff, and placed such product into the market.

25. The defective product designed, manufactured, distributed, and/or sold by Defendants is defective and unreasonably dangerous.

26. The defective product reached Plaintiff without substantial change in the condition in which the product was designed, manufactured, distributed, and/or sold by Defendants.

27. Defendants owed a duty of care to Plaintiff to manufacture, distribute and sell products that were free from defects and fit for their intended purposes.

28. Defendants breached this duty to Plaintiff by failing to sell products that were free from defects and selling products that were unfit for their intended purposes.

29. Plaintiff used the product in the manner that was intended and expected by Defendant.

30. The defect in the product was the direct and proximate cause of the injury and damages suffered by Plaintiff.

**WHEREFORE**, Plaintiff demands compensatory damages for strict liability from Defendant COSTCO.

## COUNT III
### (NEGLIGENCE-DOREL)

31. Plaintiff repeats the allegations set forth above in paragraphs 1

through 30 as if set forth herein in full.

32. Defendant DOREL owed a duty to Plaintiff to design, manufacture, distribute and/or sell products that were safe and to warn Plaintiff of any defects in the product.

33. Defendant breached its duty to Plaintiff by designing, manufacturing, distributing and/or selling products that were defective, and by failing to warn them of such defect.

34. Defendant's breach caused Plaintiff to suffer damages as alleged.

**WHEREFORE,** Plaintiff demands compensatory damages against Defendant DOREL for negligence and such other relief this Court deems just and proper.

### COUNT IV
### (NEGLIGENCE-COSTCO)

35. Plaintiff repeats the allegations set forth above in paragraphs 1 through 30 as if set forth herein in full.

36. Defendant COSTCO owed a duty to Plaintiff to design, manufacture, distribute and/or sell products that were safe and to warn Plaintiff of any defects in the product.

37. Defendant breached its duty to Plaintiff by designing, manufacturing, distributing and/or selling products that were defective, and by failing to warn them of such defect.

38. Defendant's breach caused Plaintiff to suffer damages as alleged.

**WHEREFORE,** Plaintiff demands compensatory damages against Defendant COSTCO for negligence and such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable by right.

Dated this 18th day of April, 2013.

By: _____
MICHAEL R. N. McDONNELL
Florida Bar No. 124032

**McDONNELL TRIAL LAW**
5150 Tamiami Trail North
Suite 203, Newgate Tower
Naples, Florida 34103
(239) 434-7711 telephone
(877) 613-7485 facsimile
email@mctrial.com
Attorney for Plaintiff