UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Robert Jalosinski,                                                     Case No. 2:13-cv-371

               Plaintiff,

v.                                                                     **MEMORANDUM AND ORDER**

Dorel Juvenile Group, Inc. d/b/a Cosco
Home and Office Products, and Costco
Wholesale Corporation,

               Defendants.
_____

This matter is before the Court on Defendants' Motion for Attorney's Fees and Costs. For the reasons that follow, the Court grants in part and denies in part the Motion.

**BACKGROUND**

In this products-liability case, Robert Jalosinski sued Dorel Juvenile Group, Inc., doing business as Cosco Home and Office Products, and Costco Wholesale Corporation (collectively "Costco") for injury sustained while using an allegedly defective hand truck.

On April 18, 2013, Jalosinski filed the lawsuit in Florida state court. Costco removed the case to this Court and answered. Lengthy discovery ensued. Then on May 1, 2014, Costco served Jalosinski with a settlement offer. He did not accept the offer. After no dispositive-motion practice but many continuances and a change of Jalosinski's counsel, the Court set the case for trial to begin on April 14, 2015.

On the eve of trial, however, Jalosinski filed a notice of voluntary dismissal with prejudice. The next morning, he submitted an amended version of that notice. Having

held a hearing that day, the Court accepted the notice, dismissed the case with prejudice, and directed the Clerk to enter judgment.

On April 28, 2015, Costco moved for attorney's fees and costs expended since the settlement offer under Fed. R. Civ. P. 54(d) and Florida's offer-of-judgment statute, Fla. Stat. § 768.79.

**DISCUSSION**

Costco asks for attorney's fees of $73,089.75 and costs of $9,647.54 from Jalosinski. The Court will address each request in turn.

**A.    Attorney's Fees**

Given that the Court has diversity jurisdiction over this case; applies substantive state law in diversity cases, Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); and considers the recovery of attorney's fees under Florida's offer-of-judgment statute a substantive matter for Erie purposes, Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1258 (11th Cir. 2011), it will apply the offer-of-judgment statute to decide Costco's request for attorney's fees.

The offer-of-judgment statute allows a prevailing party to recover litigation expenses from a losing party who rejects a reasonable settlement offer:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability . . . .

Fla. Stat. § 768.79(1). The statute's award of attorney's fees operates as a sanction—to penalize a litigant for unreasonably refusing to settle a lawsuit. Sarkis v. Allstate Ins. Co., 863 So. 2d 210, 218 (Fla. 2003).

When determining whether to award attorney's fees under the offer-of-judgment statute, the Court makes two findings. First, the Court assesses whether the prevailing party is entitled to attorney's fees by making an offer in compliance with the statute's requirements. See Fla. Stat. § 768.79(1)-(6). If the offer satisfies those requirements, the Court must award attorney's fees unless the prevailing party made the offer in bad faith. See id. § 768.79(7)(a); see also McMahan v. Toto, 311 F.3d 1077, 1083 (11th Cir. 2002) ("If an offer satisfies the requirements of [Fla. Stat.] § 768.79(1)-(6), . . . [t]he sole basis on which a court can disallow an entitlement to an award of fees is if it determines that [the] offer was not made in good faith." (alterations in original) (quotation omitted)). Second, the Court examines whether the requested attorney's fees are reasonable. See Fla. Stat. § 768.79(7)(b).

**1. Entitlement**

In opposing Costco's entitlement to attorney's fees, Jalosinski does not dispute that Costco's offer complied with the offer-of-judgment statute's requirements or that Costco made the offer in good faith. Rather, he attacks the Court's authority to award any attorney's fees under the statute for two unavailing reasons.

First, Jalosinski argues that the Court lacks jurisdiction to award attorney's fees because the Court dismissed the case and the Clerk entered judgment. The Court's failure to retain jurisdiction after dismissal and the Clerk's closing of the file after

judgment, according to Jalosinski, divested the Court of jurisdiction. But the Court may rule on a timely motion for attorney's fees related to a previously entered judgment. See Fed. R. Civ. P. 54(d)(2)(A)-(B) ("A claim for attorney's fees and related nontaxable expenses must be made by motion . . . no later than 14 days after the entry of judgment."). And because Costco has made a timely motion, the Court may decide the Motion here. The two cases that Jalosinski hinges this argument on, Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1275-81 (11th Cir. 2012) and De Varona v. Discount Auto Parts, LLC, 935 F. Supp. 2d 1335, 1340-48 (S.D. Fla. 2013), have no force as those cases concerned a federal court's lack of jurisdiction to enforce a settlement agreement—which raises a separate breach-of-contract dispute for state-court adjudication in cases lacking diversity jurisdiction—after the parties filed a stipulation of dismissal with prejudice and the court did not retain jurisdiction over the agreement.

Second, Jalosinski argues that the Court may not award attorney's fees because he voluntarily dismissed the case with prejudice. In making that argument, he cites primarily to this Court's opinion in Murdock v. Prudential Insurance Co. of America, 154 F.R.D. 271 (M.D. Fla. 1994), which explained that while an "award of attorney's fees is often made when a plaintiff dismisses an action without prejudice," that award has "almost never been" given when the plaintiff "voluntarily dismisse[s] [the] lawsuit with prejudice." Id. at 273. Jalosinski ignores, however, the next sentence of Murdock, which qualifies the previous sentence: an "award of attorney's fees in a voluntarily dismissed lawsuit with prejudice is only appropriate when there is independent statutory authority to support" the award. Id. The offer-of-judgment statute provides that independent

4

statutory authority here.  See also MX Invs., Inc. v. Crawford, 700 So. 2d 640, 642 (Fla. 1997) (concluding that a voluntary dismissal with prejudice serves as a basis for an award of attorney's fees under the offer-of-judgment statute).  And in the face of that authority, the Court sees no other reason why Costco could not recover attorney's fees despite Jalosinski's voluntary dismissal with prejudice.

Because neither of Jalosinski's arguments have merit, and he does not otherwise challenge the grounds of Costco's request for attorney's fees, Costco is entitled to attorney's fees under the offer-of-judgment statute, so long as those fees are reasonable.

### 2. Reasonableness

When examining the reasonableness of a request for attorney's fees under the offer-of-judgment statute, the Court uses the lodestar method.  See Fl. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985).  The lodestar approach multiplies the reasonable billed hours by a reasonable hourly rate.  Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The party seeking attorney's fees bears the burden of "documenting the appropriate hours and hourly rates."  Id. at 1303 (citation omitted).  After calculating the lodestar, the Court also considers statutory factors such as merits, novelty, and complexity of the claims and the length, fairness, and impact of the settlement process.  Fla. Stat. § 768.79(7)(b).  Ultimately, the Court retains discretion to impose a reasonable attorney's fee award based on the facts of each case.  Rowe, 472 So. 2d at 1150.

Costco has submitted two declarations by lead counsel and multiple billing records to support its request for attorney's fees of $73,089.75.  (See Judge Decl. (Docket No.

104, Ex. B) 1-15; Rice Decl. (Docket No. 104, Ex. C) 1-37.) Those documents show that Costco seeks reimbursement for these particular attorney's fees:

**Costco's Requested Attorney's Fees**

| Attorney | Billed Hours | Hourly Rate | Fees |
|---|---|---|---|
| Jonathan Judge | 62.5 | $500 | $31,250 |
| Davin Reust | 24.5 | $300 | $7,350 |
| H. Hamilton Rice III | 31.4 | $190 | $5,966 |
| Katherine Mikel | 20.5 | $160 | $3,280 |
| Debra Tenbrook (paralegal) | 5.2 | $100 | $520 |
| Debra Moran (paralegal) | 86.75 | $285 | $24,723.75 |
| Total | 230.85 | | $73,089.75 |

a. **Reasonable Billed Hours**

The first part of the lodestar equation requires the Court to determine the reasonableness of the billed hours. In claiming attorney's fees for a certain number of billed hours, a party must have exercised "billing judgment." Norman, 836 F.2d at 1301 (quotation omitted). Put differently, the party should include those hours that would be "reasonable to bill to a client" but exclude the hours that are "excessive, redundant, or otherwise unnecessary." Id. (quotation omitted). The party must have kept records to show "the time spent . . . and the general subject matter of the time expenditures sought." Id. at 1303.

The Court has reviewed the hours billed by Costco's attorneys and finds them reasonable. Costco has included relatively detailed billing entries for a wide range of tasks that clients would normally pay for: review of expert materials and court orders, advice about settlement negotiations, conferences to update the client, drafting of trial

materials, and attendance at depositions and court proceedings. (Judge Decl. 4-15; Rice Decl. 4-37.) And it has excluded nearly all excessive or redundant billing entries for consultation between counsel of separate firms, duplication of tasks between those counsel, and travel expenses. (Judge Decl. 2-3; Rice Decl. 2-3.) Though Costco's attorneys spent slightly more time on certain matters than the Court would expect—for example, in their preparation of jury instructions—the Court cannot say that those time expenditures were patently unnecessary. Further, Jalosinski has not lodged any specific objections to the billing entries. The records available to the Court demonstrate that Costco has exercised reasonable judgment in its billed-hour submissions.

    b.   **Reasonable Hourly Rate**

  The second part of the lodestar equation requires the Court to determine the reasonableness of the hourly rates. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The relevant legal community is the area where the case is pending. Am. Civil Liberties Union v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999). To establish that the requested hourly rate is in line with the prevailing market rate, the party seeking attorney's fees must "produc[e] satisfactory evidence" that "speak[s] to rates actually billed and paid in similar lawsuits." Norman, 836 F.2d at 1299. Unsatisfactory evidence includes a mere "affidavit of the attorney performing the work" or general "[t]estimony that a given fee is reasonable." Id.

  Along with its hourly rate submissions, Costco has presented nothing but unsatisfactory evidence. In its declarations, it has described the experience of its

attorneys. Jonathan Judge, who served as national trial counsel and billed at a rate of $500 per hour, is a partner at Schiff Hardin LLP and has "practiced product liability defense full-time on a national basis." (Judge Decl. 1-2.) Davin Reust, who billed at a rate of $300 per hour, is Judge's "highly-experienced associate." (Judge Decl. 2.) H. Hamilton Rice III, who served as local counsel and billed at a rate of $190 per hour, is a shareholder at Bush Graziano Rice & Platter, PA and has "tried a number of cases to verdict in Florida." (Rice Decl. 1-2.) Katherine Mikel, who billed at a rate of $160 per hour, is Rice's "highly-experienced associate." (Id.) Finally, the Court is told that these rates "are reasonable and customary" for work by similar law firms. (Judge Decl. 2; Rice Decl. 2.) But other than these self-serving and conclusory declarations, Costco has produced no direct evidence of hourly rates charged in similar cases or opinion evidence of reasonable rates.

Left without the benefit of probative evidence, the Court must rely on "its own knowledge and experience" to ascertain the reasonable hourly rates of Costco's attorneys. Norman, 836 F.2d at 1303 (quotation omitted). The relevant legal community is the bar in Fort Myers, Florida. This Court has tried several products-liability cases in that area with national and local counsel of comparable credentials to this case's attorneys and has become familiar with the hourly rates charged in those cases. Based on that knowledge and experience, the Court believes that the hourly rates billed by Rice and Mikel, $190 and $160 per hour respectively, reflect the prevailing market rates in Fort Myers for similar legal services. Though the hourly rates billed by Judge and Reust may represent the prevailing market rates in other parts of the country, they far surpass the rates in Fort

8

Myers and are therefore unreasonable. See Pinchinat v. Graco Children's Prods., Inc., No. 2:4-cv-252, 2005 WL 1459409, at *1 (M.D. Fla. June 20, 2005) (aligning national counsel's hourly rate with local counsel's hourly rate to reflect the prevailing market rate of Fort Myers, Florida). That said, the Court recognizes that Rice and Mikel served as local counsel and Judge and Reust as national counsel, and that the latter's representation in the case may have been more extensive than the former's. The Court reduces the hourly rate of Judge to $200 per hour and Reust to $170 per hour.

      c.    **Paralegal Fees**

As part of its request for attorney's fees, Costco seeks reimbursement for fees generated by its paralegals. The Court may award fees for work done by paralegals, however, "only when they perform work typically done by lawyers." Kearney v. Auto-Owners Ins. Co., 713 F. Supp. 2d 1369, 1378 (M.D. Fla. 2010) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988)). Costco's requested paralegal fees are for time spent on internal management of documents, docketing of party filings, arrangement of schedules, and administrative preparation of trial materials. (Judge Decl. 4-15; Rice Decl. 4-37.) Even though that work was undoubtedly important to Costco's ability to defend this case, it is not work that an attorney would typically do and thus does not qualify as reimbursable attorney's fees.

      d.    **Statutory Factors**

Having calculated the lodestar, the Court would usually consider the additional factors set forth in the offer-of-judgment statute. See Fla. Stat. § 768.79(7)(b). But the Court cannot perform that inquiry here. Because the parties engaged in no dispositive-

motion practice, have not apprised the Court of the details of their settlement negotiations, and did not take the case to trial, the record is devoid of any indication about the likelihood of success of Jalosinski's claims or the relative equities of the settlement process. The Court does note, however, that the awarded attorney's fees serve the overall policy of the offer-of-judgment statute: to penalize Jalosinski for unreasonably refusing to accept Costco's settlement offer. See Sarkis, 863 So. 2d at 218. Jalosinski's last-minute dismissal of the lawsuit wasted the Court's and Costco's time and resources—much of which could have been avoided if Jalosinski had accepted the offer.

In summary, the Court will award Costco these reasonable attorney's fees:

**The Court's Awarded Attorney's Fees**

| Attorney | Billed Hours | Hourly Rate | Fees |
|---|---|---|---|
| Jonathan Judge | 62.5 | $200 | $12,500 |
| Davin Reust | 24.5 | $170 | $4,165 |
| H. Hamilton Rice III | 31.4 | $190 | $5,966 |
| Katherine Mikel | 20.5 | $160 | $3,280 |
| Total | 138.9 | | $25,911 |

Finally, Costco seeks prejudgment interest on this award of attorney's fees. Florida law grants a prevailing party prejudgment interest on attorney's fees "from the date the entitlement to attorney fees is fixed." Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So. 2d 929, 930-31 (Fla. 1996). The offer-of-judgment statute fixes that date at the point when a qualifying offer is made and a qualifying judgment is entered. Lorillard Tobacco Co. v. French, 12 So. 3d 786, 787 (Fla. Dist. Ct. App. 2009).

Both of those events had occurred here by April 14, 2015. Costco is entitled to prejudgment interest on the award of attorney's fees from that date.

**B.     Costs**

While the recovery of attorney's fees under the offer-of-judgment statute presents a substantive matter for state law, the recovery of costs under that statute does not similarly raise a substantive issue. Kearney v. Auto-Owners Ins. Co., No. 8:6-cv-00595, 2010 WL 3062420, at *2 (M.D. Fla. Aug. 4, 2010). The offer-of-judgment statute leaves unchanged the "traditional rule" that the recovery of costs presents a procedural matter for federal law. Id. The Court will therefore apply federal law, and not Florida's offer-of-judgment statute, to decide Costco's request for costs.

Under federal law, a prevailing party may recover costs from a losing party. Fed. R. Civ. P. 54(d)(1). But absent authority from a federal statute, rule, or court order, recoverable costs are limited to the narrow range of enumerated items listed in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441, 445 (1987). Section 1920 allows the Court to tax only the following costs:

(1)     fees of the clerk and marshal;

(2)     fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     fees and disbursements for printing and witnesses;

(4)     fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     docket fees under section 1923 of this title; and

>(6)   compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

As with its request for attorney's fees, Costco has provided specific expense records to supports its request for costs of $9,647.54. (See Judge Decl. 3, 16-19; Rice Decl. 2, 4-37.) Of that total request, Costco seeks reimbursement of $8,390.84 in expert-witness, or "investigative," expenses; $851.26 in printing, scanning, and copying expenses; $374.16 in online legal research charges; and $31.28 in telephone, fax, and delivery charges. (Id.) Costco also submitted a bill of costs, seeking to recoup $2,865.34 in clerk, transcript, printing, witness, and copying fees. (See Bill of Costs (Docket No. 103).)

The requested costs—beyond those sought in the bill of costs—are not recoverable under § 1920. Expenses for expert witnesses fall outside the costs that § 1920 permits. Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996). Costco has offered no explanation for why the copying and related expenses were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); see also E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000). And § 1920 simply does not encompass charges incurred for research and communication purposes.

In consequence, the Court will not tax the costs that Costco requests in this Motion.

**CONCLUSION**

Costco is entitled to an award of reasonable attorney's fees under Florida's offer-of-judgment statute. But it is not entitled to a taxation of the requested costs under 28 U.S.C. § 1920. Accordingly, **IT IS HEREBY ORDERED** that:

1. Costco's Motion for Attorney's Fees and Costs (Docket No. 104) is **GRANTED in part** and **DENIED in part**; and

2. Costco is awarded attorney's fees of $25,911, and prejudgment interest on that award from April 14, 2015, against Jalosinski.

Dated: <u>July 16, 2015</u>　　　　　　　　　*s/ Paul A. Magnuson*
　　　　　　　　　　　　　　　　　　　　Paul A. Magnuson
　　　　　　　　　　　　　　　　　　　　United States District Court Judge